THE PRUDENCE BONDS CORPORATION, complainant,

*v.*

WILLIAM ZAWOJSKI et ux., defendants.

[Submitted September 17th, 1923.   Determined October 11th, 1923.]

In taxing costs on the foreclosure of mortgages where the amount due does not exceed $300—all fees except those not payable to any official shall be one-half of the amount allowed by law where the amount exceeds $300—but the fees allowed by law to newspapers for printing notices, &c., should be allowed in full.

On petition for retaxation of costs.

*Mr. D. Trueman Stackhouse,* for the complainant.

INGERSOLL, V. C.

The petitioner (complainant) filed its petition praying for the retaxation of costs in a foreclosure proceeding where the amount found due was less than $300.

Section 59 of an act respecting the court of chancery (*1 Comp. Stat. p. 433*) is as follows:

"In all foreclosures of mortgages and the sale of mortgaged premises, where the amount due does not exceed three hundred dollars the fees of the solicitor, clerk, chancellor, master and examiner, sheriff or any other official, shall be one-half the amount allowed by law, where the amount due exceeds three hundred dollars."

This act needs no interpretation in so far as fees of the "solicitor, clerk, chancellor, master and examiner, sheriff or any other official" may be concerned. It is clear and explicit that the fees of such officials shall be one-half the amount allowed when the amount due exceeds $300.

Objection is made, however, in this case to the division of fees for searches and taking of affidavits, and suggestion is made that printers' fees are not under the act subject to reduction.

Searches can be made either by the clerks of the several courts, or other officers, or by the solicitors, and in such cases the fees allowed therefor are without doubt within the provision of the statute. Assuming, without deciding, however, that the searches provided for may be made, as is very often done by title companies, certainly the court would not allow to be taxed such fees in whole, where under the statute only one-half could be taxed where made by an official.

The item of taking an affidavit as to search fees is also objected to. It is clear that this affidavit must be taken by an "official" and comes within the purview of the act.

The only question remaining is as to the fees for publication of such notices as may be required.

The newspaper does not come within the terms of the act, "solicitor, clerk, chancellor * * * or other official."

The result is that in taxing costs in cases of foreclosure, where the amount due does not exceed $300, all fees except those not payable to any official shall be one-half of the amount allowed by law, where the amount due exceeds $300. In the case under consideration all fees are (or in case of searches could be) of some official and the petition to retax the costs will be refused.